UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSUE MEDINA,<br>Petitioner,<br>v.<br>BRUCE SCOTT ET AL.,<br>Respondents. | CASE NO. 2:26-cv-02294-JHC<br>ORDER |

## I
## Introduction

This matter comes before the Court on Josue Medina's Petition for Writ of Habeas Corpus. Dkt. # 4.[1] The Court has reviewed the materials filed in support of and in opposition to the petition, the rest of the record, and the governing law. Being fully advised, for the reasons below, the Court GRANTS the petition IN PART.

[1] This is Petitioner's second habeas corpus action. *See* Dkt. # 4 at 7; *see also* No. 2:26-cv-00983-JHC, Dkt. # 3. On May 26, 2026, the Court denied his first petition without prejudice, concluding that he had not made a showing under any of the pertinent factors but accepting his general argument that a noncitizen's detention under 8 U.S.C. § 1226(c) can become unlawful if it is unreasonably prolonged. *See* No. 2:26-cv-00983-JHC, Dkt. # 16 at 2–3; *see also Martinez v. Clark*, 2019 WL 5968089, at *6–7 (W.D. Wash. May 23, 2019), *report and recommendation adopted*, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (collecting cases and affirming that prolonged detention under § 1226(c) can give rise to a due process violation). Due to the parties' filings, the Court cites both dockets in this Order.

## II
## DISCUSSION

Federal district courts have the authority to grant a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241 (a), (c). "The [habeas] petitioner carries the burden of proving by a preponderance of the evidence that [they are] entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

Here, Petitioner argues that he is entitled to habeas relief because his continued detention under 8 U.S.C. § 1226(c) has become unreasonably prolonged in violation of his right to due process under the Fifth Amendment of the U.S. Constitution. *See generally* Dkt. # 4. In determining whether a noncitizen's detention under § 1226(c) has become unreasonably prolonged, courts in this District apply the multi-factor test from *Martinez v. Clark*.[2] Under this test, courts consider:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) whether the detention will exceed the time the petitioner spent in prison for the crime that made him [or her] removable; (4) the nature of the crimes the petitioner committed; (5) the conditions of detention; (6) delays in the removal proceedings caused by the petitioner; (7) delays in the removal proceedings caused by the government; and (8) the likelihood that the removal proceedings will result in a final order of removal.

2019 WL 5968089, at *9. And if the *Martinez* factors weigh in the petitioner's favor, the court will find a due process violation, grant the habeas petition, and order the respondents to provide the petitioner with an individualized bond hearing that comports with procedural due process and

[2] *See, e.g.*, *Smbat v. Ice Field Off. Dir.*, 2026 WL 1842663, at *2 (W.D. Wash. June 26, 2026); *Odimara v. Bostock*, 2025 WL 1490395, at *5 (W.D. Wash. Mar. 27, 2025), *report and recommendation adopted*, 2025 WL 1489705 (W.D. Wash. May 23, 2025).

the requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011).[3] The Court likewise applies *Martinez* here.

1. Length of detention

The length of detention is the "most important factor." *See Martinez*, 2019 WL 5968089, at *9. "Under this factor, the longer mandatory detention continues under 8 U.S.C. § 1226(c) beyond the 'brief' period authorized in *Demore* [*v. Kim*, 538 U.S. 510 (2003)], the harder it becomes to justify without conducting an individualized bond hearing." *Sarr v. Scott*, 765 F. Supp. 3d 1091, 1098 (W.D. Wash. 2025).

Petitioner has been detained since May 9, 2025—now more than 16 months. *See* Dkt. # 4 at 1; No. 2:26-cv-00983-JHC, Dkt. # 7 at 2. And so this factor clearly favors Petitioner. *See, e.g.*, *Martinez*, 2019 WL 5968089, at *9 (finding nearly 13-month detention weighed in favor of granting a bond hearing); *Juarez v. Wolf*, 2021 WL 2323436, at *5 (W.D. Wash. May 5, 2021), *report and recommendation adopted*, 2021 WL 2322823 (W.D. Wash. June 7, 2021) (finding 14-month detention weighed in favor of granting a bond hearing).

2. Likely duration of future detention

The Court next "considers how long the detention is likely to continue absent judicial intervention; in other words, the anticipated duration of all removal proceedings including administrative and judicial appeals." *Martinez*, 2019 WL 5968089, at *9.

Although speculative, Petitioner's removal proceedings could take years to resolve. Petitioner currently has an appeal pending before the BIA. *See* Dkt. # 4 at 2, 7. If remanded, his case would continue to proceed before an Immigration Judge; if denied, Petitioner could appeal his case to the Ninth Circuit. Either way, his case is likely to continue for many more months if

[3] *See, e.g.*, *Smbat*, 2026 WL 1842663, at *5; *Odimara*, 2025 WL 1490395, at *11.

not years. *See Juarez*, 2021 WL 2323436, at *5 (estimating 2 years or more at the outset of a Ninth Circuit appeal). And while Respondents previously stated that "administrative appeals are typically resolved within a reasonable timeframe," *see* No. 2:26-cv-00983-JHC, Dkt. # 6 at 7, they have provided no other argument or reason for the Court to assume that Petitioner's detention is likely to end soon. *See id.*; *see also* Dkt. # 17. This factor thus favors Petitioner.

3. Criminal history

Under the third and fourth factors, the Court reviews the length of civil detention compared to the petitioner's criminal sentence and the nature of the crime. These factors "are suggestive of whether the detainee is a danger to the community or a risk of flight such that a bond hearing would be futile." *Juarez*, 2021 WL 2323436, at *5.

Petitioner has not spent any time in prison for the crime that allegedly makes him removable, nor was he ever charged or convicted for such crime. *See* Dkt. # 4 at 7; *see also* No. 2:26-cv-00983-JHC, Dkt. # 6 at 2. Respondents also fail to establish the "disposition" of Petitioner's former arrest and felony charge, and they do not provide the Court with any specific evidence concerning the narcotics investigation that purportedly led to Petitioner's current detention. *See generally* Dkt.; *see also* No. 2:26-cv-00983-JHC, Dkt. # 7. The record thus does not allow the Court to find that this factor supports Respondents.

That said, the Court acknowledges that compelling evidence of a noncitizen's involvement in fentanyl trafficking could make a bond hearing futile. And the record does contain information that would suggest that such evidence may be presented at a bond hearing for Petitioner. *See generally* Dkt. The Court thus finds that this factor also does not support Petitioner, and so it finds it neutral.

4. Conditions of detention

"The more that the conditions under which the [noncitizen] is being held resemble penal confinement, the stronger [the] argument that [they are] entitled to a bond hearing." *Juarez*, 2021 WL 2323436, at *6.

Citing various statements from others who have described the NWIPC conditions, Petitioner says that the conditions at NWIPC resemble those of prisons and jails. *See* Dkt. # 4 at 8–9. And while Petitioner does not provide specific evidence about the conditions that he personally experienced, *see generally id.*, "[o]ther courts within this district have characterized the conditions in NWIPC as that of a prison, including problems with food, medical neglect, and cleanliness." *Shevchuk v. Scott*, 2026 WL 1413609, at *2 (W.D. Wash. May 20, 2026); *see also Hossain v. Scott*, 2026 WL 1533003, at *6 (W.D. Wash. June 1, 2026) (collecting cases on NWIPC conditions). The Court thus finds this factor to be neutral, if not leaning towards Petitioner.

5. Delays in removal proceedings

Under the sixth and seventh factors, the Court considers "the nature and extent of any delays in the removal proceedings caused by petitioner and the government, respectively." *Martinez*, 2019 WL 5968089, at *10. "Petitioner is entitled to raise legitimate defenses to removal . . . and such challenges to his removal cannot undermine his claim that detention has become unreasonable." *Juarez*, 2021 WL 2323436, at *6 (quoting *Liban M.J. v. Sec'y of Dep't of Homeland Sec.*, 367 F. Supp. 3d 959, 963–64 (D. Minn. 2019)).

Neither party has submitted evidence of delays, *see generally* Dkt., and so these factors are neutral.

6. Likelihood of final order of removal

Finally, the Court considers the likelihood that the removal proceedings will result in a final order of removal. *See Martinez*, 2019 WL 5968089, at *10. "[W]here a noncitizen has asserted a good faith challenge to removal, 'the categorical nature of the detention will become increasingly unreasonable.'" *Id.* (quoting *Reid v. Donelan*, 819 F.3d 486, 500 (1st Cir. 2016)).

The parties have made this factor difficult to determine by failing to provide the Court with information concerning the underlying removal order. *See generally* Dkt. The Court thus cannot determine the likelihood of removal, and so it finds this factor neutral.

7. Weighing the Factors & Remedy

As discussed above, most of the factors are neutral, no factor favors Respondents, and two to three of the factors, including the most important factor, weigh in favor of Petitioner. Accordingly, the Court concludes that Petitioner's prolonged detention under § 1226(c) has become unreasonable and therefore violates due process. Petitioner has thus met his burden of proving by a preponderance of the evidence that he "is in custody in violation of the Constitution or laws or treaties of the United States" and is entitled to habeas relief. 28 U.S.C. § 2241(c).

And while the Court acknowledges that Petitioner has already received a bond hearing, *see* Dkt. # 19-1, Respondents explicitly state that if the Court finds that the *Martinez* factors weigh in Petitioner's favor, "the appropriate remedy would be to order the Government to provide Petitioner with a bond hearing." Dkt. # 17 at 5. The Court thus finds no reason to deviate from the typical habeas relief for a § 1226(c) unreasonable detention claim.

## III
## CONCLUSION

For these reasons, the Court:

(1) GRANTS the habeas petition IN PART (Dkt. # 4);

(2) ORDERS Respondents to provide Petitioner with a bond hearing within 14 calendar days of this order. The bond hearing shall comply with the procedural requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011)—there must be a contemporaneous record of the hearing, and the Government bears the burden of proving by clear and convincing evidence that Petitioner is a flight risk or danger to the community. Should Respondents fail to provide Petitioner with such a bond hearing within 14 calendar days, Respondents shall release Petitioner within 24 hours under appropriate conditions of release

(3) DIRECTS the Clerk to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 11th day of September, 2026.

John H. Chun

John H. Chun
United States District Judge